IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT BLUEFIELD
UNITED STATES OF AMERICA


v.                                          Criminal No. 2:06-cr-00145


MELVIN DANIELS

## MEMORANDUM OPINION AND ORDER

In Bluefield, on September 26, 2011, came the defendant, Melvin Daniels, in person and by counsel, David Bungard; came the United States by Miller Bushong, III, Assistant United States Attorney; and came the Probation Officer Patrick Fidler, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 24, 2011.  The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon defendant did not challenge at the hearing the violations alleged in the January 24, 2011 petition.  The court

1

found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was thirty to thirty-seven months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of supervised release are policy statements only and are not binding on the court. The defendant's violation was a grade A, the criminal history is a V, making the guideline range from thirty to thirty-seven months. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of thirty-seven months for a violation of a term of supervised release if the offense that resulted in the term of supervised release was a Class A felony. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before it on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and

2

that he be incarcerated for six (6) months. The court imposed a fifty-four (54) month term of supervised release following the defendant's period of incarceration.

The court considered all of the factors in the case, and concluded that the sentence satisfied the statutory objectives of 18 U.S.C. § 3553, and was sufficient, but not greater than necessary, to protect the public, provide an adequate deterrent and reflect the seriousness of defendant's violations.

The defendant is informed of his right to appeal the court's revocation of his supervised release.  The defendant is further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant is advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant is further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The defendant was remanded to the custody of the United States Marshals Service.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

It is **SO ORDERED** on this 3rd day of October, 2011.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge